

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00633-CV

**IN RE J.P.N.**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:  Marialyn Barnard, Justice
     Rebeca C. Martinez, Justice
     Irene Rios, Justice

Delivered and Filed: March 14, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

  This original proceeding arises out of ongoing litigation regarding the custody provisions in a divorce decree. On October 2, 2017, Relator filed a petition for writ of mandamus, a motion for emergency relief, and an affidavit of indigence, challenging temporary orders entered by the trial court requiring Relator to pay the costs of a child custody evaluation and psychological evaluations of both Relator and his ex-wife. Relator filed the affidavit of indigence in an effort to avoid having to pay the fee for the preparation of the reporter's record of the temporary orders hearing.

  On October 17, 2017, the court reporter responsible for preparing the reporter's record filed a contest to Relator's affidavit of indigence. On October 27, 2017, the trial court conducted a

---

[1] This proceeding arises out of Cause No. 2009-CI-06183, styled *In the Interest of J.T.N. and J.T.A.N.*, pending in the 407th Judicial District Court, Bexar County, Texas, the Honorable Karen H. Pozza presiding.

hearing on the contest and sustained the court reporter's contest. Thereafter, on January 31, 2018, we issued an opinion affirming the trial court's order and ordering Relator to file written proof in this court by February 15, 2018, showing that he had paid or made arrangements to pay the fee for preparing the reporter's record of the temporary orders hearing. We also denied Relator's motion for emergency relief.

Relator failed to provide written proof by the deadline set forth in our prior order, and, as a result, the reporter's record of the temporary orders hearing has not been filed. As the party seeking mandamus relief, Relator "had the burden of providing this Court with a sufficient record to establish [his] right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Since an evidentiary hearing was held on the temporary orders, Relator had the burden of providing this court with a reporter's record from the hearing. *Id.* Because the Relator failed to provide us with a sufficient record, Relator is not entitled to the relief sought. *See id.* Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM